decision. We affirm the judgment pursuant to Rule 84.16(b).

John FOWLER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 76873.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Craig Allan Johnston, Kent Denzel, Asst. Public Defenders, Columbia, for appellant.

John Munson Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, J., and SHERRI B. SULLIVAN, J.

## ORDER

PER CURIAM.

John Fowler (Movant) appeals from the judgment denying on the merits without a hearing his Rule 24.035 motion for post-conviction relief from his guilty pleas to second degree assault, section 565.060, RSMo 1994, armed criminal action, section 571.015, RSMo 1994, and endangering the welfare of a child, section 568.045, RSMo 1994, in Cause No. CR1198–695FX.

We have reviewed the briefs of the parties and the record on appeal and conclude the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended opinion would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).

STATE of Missouri, Respondent,

v.

Johnny E. SMITH, Appellant.

No. ED 76542.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Gary E. Brotherton, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Jefferson City, for respondent.

Before RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

## ORDER

PER CURIAM.

Defendant Johnny E. Smith ("Defendant") appeals a judgment on a conviction finding him guilty of one count of second-degree drug trafficking, section 195.223 RSMo (1994), and one count of misde-

meanor possession of marijuana, section 195.202 RSMo (1994). He contends the trial court plainly erred in finding he had knowingly, intelligently and voluntarily waived his right to a jury trial and the trial court erred in overruling his motions for a judgment of acquittal as the state did not prove beyond a reasonable doubt he had constructive possession of the bedroom in which the drugs were found.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 30.25(b).